United States District Court

Eastern District of California

Kenneth Allen Neighbors,

       Plaintiff,　　　　　　　　　　No. Civ. S 05-0710 GEB PAN P

  vs.　　　　　　　　　　　　　　Order

Holtorf, et al.,

       Defendants.

                      -oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  He seeks leave to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a).

    I have reviewed plaintiff's complaint pursuant to 28 U.S.C.

1  § 1915A and find it does not state a cognizable claim against any
2  defendant.  The complaint is dismissed with leave to amend.
3       Any amended complaint must show the federal court has
4  jurisdiction and that plaintiff's action is brought in the right
5  place, that plaintiff is entitled to relief if plaintiff's
6  allegations are true, and must contain a request for particular
7  relief.  Plaintiff must identify as a defendant only persons who
8  personally participated in a substantial way in depriving
9  plaintiff of a federal constitutional right.  Johnson v. Duffy,
10 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to
11 the deprivation of a constitutional right if he does an act,
12 participates in another's act or omits to perform an act he is
13 legally required to do that causes the alleged deprivation).  If
14 plaintiff contends he was the victim of a conspiracy, he must
15 identify the participants and allege their agreement to deprive
16 him of a specific federal constitutional right.
17      In an amended complaint, the allegations must be set forth
18 in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may
19 join multiple claims if they are all against a single defendant.
20 Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim
21 based upon separate transactions or occurrences, the claims must
22 be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
23      The federal rules contemplate brevity.  See Galbraith v.
24 County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002)
25 (noting that "nearly all of the circuits have now disapproved any
26 heightened pleading standard in cases other than those governed

1  by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth
2  rare exceptions to simplified pleading).

3      Plaintiff's claims must be set forth in short and plain
4  terms, simply, concisely and directly.  See Swierkiewicz v.
5  Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
6  point of a simplified pleading system, which was adopted to focus
7  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

8      Plaintiff must eliminate from plaintiff's pleading all
9  preambles, introductions, argument, speeches, explanations,
10 stories, griping, vouching, evidence, attempts to negate possible
11 defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d
12 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
13 violation of Rule 8 after warning); see Crawford-El v. Britton,
14 523 U.S. 574, 597 (1998) (reiterating that "firm application of
15 the Federal Rules of Civil Procedure is fully warranted" in
16 prisoner cases).

17     A district court must construe pro se pleading "liberally"
18 to determine if it states a claim and, prior to dismissal, tell a
19 plaintiff of deficiencies in his complaint and give plaintiff an
20 opportunity to cure them.  Noll v. Carlson, 809 F.2d 1446 (9th
21 Cir. 1986).

22     It is sufficient, for example, for a prisoner who claims
23 denial of access to the courts to allege that on a specific day
24 an identified state actor deprived the prisoner of his right to
25 access to the courts by refusing to assist plaintiff prepare and
26 file a habeas corpus petition or section 1983 complaint either by

1  allowing meaningful access to an adequate law library or
2  assistance from persons trained in the law and that the
3  deprivation caused a specific, actual injury to the prisoner's
4  habeas or section 1983 litigation efforts.
5      To state a claim for violation of the federal constitutional
6  guarantee of due process of law, plaintiff must allege that an
7  identified state actor denied plaintiff a specific right
8  protected by the federal constitution without procedures required
9  by the constitution to ensure fairness, specifying the omission,
10 or deliberately abused his power without any reasonable
11 justification that he acted in aid of any government interest or
12 objective and only to oppress in a way that shocks the
13 conscience.
14     The court (and defendant) should be able to read and
15 understand plaintiff's pleading within minutes.  McHenry, supra.
16 A long, rambling pleading, including many defendants with
17 unexplained, tenuous or implausible connection to the alleged
18 constitutional injury or joining a series of unrelated claims
19 against many defendants very likely will result in delaying the
20 review required by 28 U.S.C. § 1915 and an order dismissing
21 plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation
22 of these instructions.
23     An amended complaint must be complete in itself without
24 reference to any prior pleading.  Local Rule 15-220; see Loux v.
25 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an
26 amended complaint, the original pleading is superseded.

1   Plaintiff is admonished that by signing an amended complaint
2 he certifies he has made reasonable inquiry and has evidentiary
3 support for his allegations and that for violation of this rule
4 the court may impose sanctions sufficient to deter repetition by
5 plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require
6 plaintiff to obey all laws, including this one, and plaintiff may
7 be punished by prison authorities for violation of the court's
8 rules and orders.  See 15 Cal. Admin. Code § 3005.
9   Title 42 of the United States Code § 1997e(a) provides a
10 prisoner may bring no § 1983 action until he has exhausted such
11 administrative remedies as are available to him.  The requirement
12 is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).
13 Plaintiff is further admonished that by signing an amended
14 complaint he certifies his claims are warranted by existing law,
15 including the law that he exhaust administrative remedies, and
16 that for violation of this rule plaintiff risks dismissal of his
17 action.
18   Accordingly, the court hereby orders that:
19   1.  Plaintiff's request to proceed in forma pauperis is
20 granted.
21   2.  Plaintiff is obligated to pay the statutory filing fee
22 of $250 for this action.  The fee shall be collected in
23 accordance with the notice to the Director of the California
24 Department of Corrections filed concurrently herewith.
25   3.  The complaint is dismissed with leave to amend within 45
26 days.  Failure to file an amended complaint will result in a

recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

So ordered.

Dated: August 30, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge